```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARMAN SLATE                      )
                                  )
                                  )
INDIVIDUALLY                      )
AND ON BEHALF OF ALL OTHERS       )   JURY    TRIAL    DEMANDED
SIMILARLY SITUATED                )
PLAINTIFFS                        )
                                  )
                                  )
                                  )
     VS.                          )
                                  )
                                  )
INTERNATIONAL ASSET GROUP, LLC    )
495 COMMERCE DR                   )
AMHERST, NY 14228                 )
DEFENDANT                         )
```

**COMPLAINT**

**The Plaintiff demands a trial by a jury of twelve and two alternates.**

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the *Fair Debt Collection Practices Act of 1978*, 15 U.S.C. §1692 *et seq.*, ("FDCPA" or the "Act") by Carman Slate individually and on behalf of all other similarly situated debtors owing consumer debts who are situated in the United States of America whose rights were violated by the Defendant.  Plaintiffs are seeking damages against the Defendant for Defendant's use of false and fraudulent representations in connection with Defendant's debt collection activities.

**PARTIES**

2. Plaintiff Carman Slate ("Plaintiff") resides at 310 Albans Court, Malvern, Pennsylvania, 19355 and is a citizen of the Commonwealth of Pennsylvania.

3. Defendant is International Asset Group, LLC with office located at 495 Commerce Drive, Suite 2, Amherst, New York 14228.  On information and belief, the defendant was formerly known as Western New York Capital.

4. The Defendant was and is retained by creditors (collectively "Creditors") to collect unpaid debts from consumer debtors such as the Plaintiff. Plaintiff believes and therefore avers that the Defendant is also a buyer of debt and collects that debt for its own account.

**JURISDICTION AND VENUE**

5. Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391b(1) and (2) because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

**CLASS ACTION ALLEGATIONS**

7. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1) and (3) on behalf of:

> A class of all past and present individuals who, for a period of one year prior to the time of the filing of this action, received communication from the Defendant in connection with Defendant's debt collection activities that created a false impression that the individual had already been sued, had to pay money to the Defendant or be served with a lawsuit or other legal documents and/or have such documents served on their employer.

8. The Class Plaintiffs are so numerous as to make it impractical to bring all eligible members of the class before the Court.  It is believed that there is a substantial number of claims and that were assessed and/or collected by the Defendant on behalf of Creditors or, for itself. In many instances the Class Plaintiffs are unaware that claims against the Defendant may exist on their behalf.

9. Multiple common questions of law and fact affect the rights of each member of the Class including but not limited to those arising under the *Fair Debt Collection Practices Act* and include:

      A. Defendant's false representations regarding that a lawsuit has been commenced collect debt.

      B. Defendant's false representations by the Defendant that it will be serving legal documents on the debtor and/or the debtor's employer for the debtor.

      C. Defendant's false statements are in violation of the *Fair Debt Collection Practices Act of 1978*.

10. The claims of the individually named Plaintiff are typical of the claims of all of the Class Plaintiffs arising from the illegal collection by Defendant of debts.

11. The individually named Plaintiff will assure the fair and adequate representation of all members of the class, and has no conflict with other class members in the maintenance of this action. Plaintiff's interests in this action are antagonistic to the interests of the Defendant and are identical to the interests to the Class Plaintiffs. Plaintiff is aware that they cannot settle this class action without Court approval and will vigorously pursue the class claims throughout the course of this litigation.

12. Plaintiff will also assure the fair and adequate representation of the class by having retained

attorney who is experienced in federal litigation and class action litigation under the *Fair Debt Collection Practices Act of 1978* successfully concluded within the Eastern District of Pennsylvania.

13. If pursued as an individual claim, this action could substantially affect the rights of similarly situated property owners who might pursue their claims, and Defendant might then be confronted with inconsistent or varying adjudications.

14. Because the conduct of Defendant alleged herein is generally applicable to all of the Class Plaintiffs, declaratory relief sought herein is appropriate.

15. A class action is a superior method to adjudicate this controversy because the claims of the class members are virtually identical in that they raise the same questions of law and require the same kind of evidentiary proof. The common questions of law and fact clearly predominate over individual issues and facts.

16. Because individual claims will generally be too small to justify individual actions by potential class members, an individual will likely have little

interest in individually controlling the prosecution of this case.

17. There are no unusual legal or factual issues which would create manageability problems. Individual factual issues as to the measure of damages are subject to documentary proof which in most, if not all, cases is in the possession of Defendant.

**SUBSTANTIVE ALLEGATIONS**

18. On or about May 20, 2011, an employee of the Defendant placed a telephone call to the Plaintiff in which he stated that:

   A. There was to be delivery of "paper work" to the Plaintiff "scheduled for [the Pl Monday afternoon,"

   B. That the Plaintiff was to have a "witness" standing by to be present for the delivery, the witness was to be available for the purpose of "signing;"

   C. The Defendant's employee also stated that if the Plaintiff were not home to receive the "paper work" that he would have the documents delivered to the Plaintiff's place of employment where her "supervisor" would "sign off as [the Defendant's]

6

witness."  The Defendant's employee also stated that she could call  855-350-5496 and that the case number was "469057."

19. The Plaintiff subsequently called the telephone number provided and was told that she owed money for a payday loan and if she paid a sum of money to the Defendant then the Defendant would not serve an already filed collection lawsuit to her or upon her employer for her.

20. At no did during their telephone conversation with the Plaintiff did the Defendant, by and through its employees identify themselves as a debt collector.

21. Specifically, the plaintiff's call was transferred by the Defendant's employee to another of the Defendant's employee named "Kari."  Kari said to the Plaintiff that:

   A. Kari was part of the pre-litigation department;
   B. That the plaintiff's case was already forwarded out of her office;
   C. That the plaintiff should have received court documents from the Defendant;
   D. Kari said the only way she could stop the process was for the Plaintiff to immediately pay the

      amount of the debt being collected by the Defendant from the Plaintiff to the Defendant;

  E. Kari further said the Defendant had incurred court costs and that the total owed, both debt and court costs, could be resolved for payment of down to was $870.00;

  F. Kari said she could take the payment of the debt and court cost in three installments of $290.00 each to the Defendant.

22. The Plaintiff did not pay the Defendant.

23. The Defendant never served the Plaintiff with a lawsuit or with any "paper work."

24. The Defendant never served the Plaintiff's employer or supervisor with a lawsuit or with any "paper work."

25. The Defendant never sued the Plaintiff.

26. The Defendant had not incurred any court costs prior to Kari's conversation with the Plaintiff.

27. The Defendant routinely calls individuals demanding

  A. Immediate payment for the debt;

  B. Misrepresenting the fact of a pre-existing lawsuit;

C. Threatening to serve legal papers on the debtors and/or their employers, and

D. Misrepresenting the extent of the debt and the fact and expense of court costs.

28. At all times pertinent hereto, Defendant was acting by and through its agent, servant and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

30. As a direct and proximate result of the Defendant's actions the Plaintiff suffered significant emotional distress and damage.

### COUNT I

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT OF 1978**

31. Plaintiff incorporate by reference paragraphs 1 through 29 as though fully set forth herein.

32. The claims for debts sent by the Defendant to the Plaintiff for collection comprise a "debt" within the meaning of 15 U.S.C. §1692a(5).

33. Defendant is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

34. The Defendant has violated 15 U.S.C. § 1692d because their activity as described herein is "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Section 1692e of the FDCPA prohibits false and misleading representations or procedures in connection with debt collection. 15 U.S.C. § 1692e.

36. The FDCPA lists conduct that is in violation of § 1692e, without limiting its general application. *See* 15 U.S.C. § 1692e(1)-(16). The prohibitions listed include the false representation of the character, amount or legal status of any debt, 15 U.S.C. § 1692e(2)(A), the use of false representations or deceptive means to collect or attempt to collect a debt, 15 U.S.C. § 1692e(10), and "the failure to disclose clearly in all communications made to collect a debt ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," 15 U.S.C. § 1692e(11).

37. The FDCPA also prohibits debt collectors from using documents or other communications which appear

to be "authorized, issued, or approved by any court, official, or agency ... or which create[ ] a false impression as to its source, authorization, or approval," 15 U.S.C. § 1692e(9), and prohibits debt collectors from falsely representing or implying that documents are legal process, 15 U.S.C. § 1692e(13).

38. The Defendant have violated 15 U.S.C. § 1692e including but not limited so subsections (5), (7), (10), and (13) because their activity as described herein constitutes "false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. Defendant are liable to the Plaintiff for damages under 15 U.S.C. §1692k, including also without limitation costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Enter a declaratory judgment:

a. that declares that the representations associated with collection of debts that include court costs not incurred by the Defendant and or their clients are false;

b. Defendant statements violated the *Fair Debt Collection Practices Act of 1978;*

11

(2)   Award statutory damages as required by 15 U.S.C. §1692k (*Fair Debt Collection Practices Act of 1978*),

(3)   Order an accounting by Defendant to determine exactly what costs, interest, penalties, and other charges they have assessed, billed and collected; and

(4)   Award damages to the Plaintiff equal to the amounts determined to have been unlawfully collected by Defendant ; and

(5)   Enter judgment in favor of the Plaintiff and against Defendant for all amounts that they have unlawfully collected; and

(6) Order the Defendant to pay Plaintiff's attorney's fees, costs, expenses; and

(7) Grant such further relief as this Court deems proper.

                         Respectfully submitted:

                            RNL3966

                        By_____
                        RICHARD N. LIPOW, ESQUIRE
                        625  Swedesford Road
                        Malvern Pennsylvania 19355
                        (610) 251-2500

                        Attorney for Plaintiff